C4

**RECEIVED**

DEC 2 7 2007
Dec 27 2007
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Selena Davis

)
)
)
)

**(Name of the plaintiff or plaintiffs)**

**CIVIL ACTION**

v.

Chicago Public Schools
Judith Adams

)
)
)
)

**NO** 07CV7264
**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE VALDEZ**

**(Name of the defendant or defendants)**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is     Selena Davis     of the county of     Cook     in the state of     Illinois

3. The defendant is     Chicago Public School/Judith Adams     whose street address is     125 S. Clark

(city)     Chego     (county)     Cook     (state)     IL     (ZIP)     60603

(Defendant's telephone number)     773 553 - 1000

4. The plaintiff sought employment or was employed by the defendant at (street address)     1100 S. Hamilton     (city)     Chego     (county)     Cook     (state)     IL     (ZIP code)     60612

5. The plaintiff [*check one box*]

   (a) ☐     was denied employment by the defendant.

   (b) ☐     was hired and is still employed by the defendant.

   (c) ☑     was employed but is no longer employed by the defendant.

6.   The defendant discriminated against the plaintiff on or about, or beginning on or about,
(month) _June_, (day)_____, (year) _2003_

**7.1**   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has *not* ☑ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)      ☐ the United States Equal Employment Opportunity Commission, on or about
(month) _Nov_ (day) _30_ (year) _2005_

(ii)     ☐ the Illinois Department of Human Rights, on or about
(month) _Nov_ (day) _30_ (year) _2005_

(b) If charges were filed with an agency indicated above, a copy of the charge is
attached. ☑ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2      The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐     Yes (month)_____ (day)_____ (year) _____

☐     No, did not file Complaint of Employment Discrimination

2.       The plaintiff received a Final Agency Decision on (month)_____
(day)_____ (year) _____.

c.       Attached is a copy of the

a.   Complaint of Employment Discrimination,
☐ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.      *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) __Oct__ (day) __1__ (year) __2007__ a copy of which *Notice* is attached to this complaint.

9.      The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☑ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10.     If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.     Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.     The defendant *[check only those that apply]*

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Excessive abuse of Employee disipline code
Harrassment
false police Report
Presenting false information regarding Attendance

_____

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☑ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐     Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

(g) ☑     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑     Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Selena Davis_

(Plaintiff's name)

_Selena Davis_

(Plaintiff's street address)

_4928 W. Concord place_

(City) _Chgo_ _____ (State) _IL_ (ZIP) _60639_

(Plaintiff's telephone number) _773-237-4445_

Date: _12-27-07_

# STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS
### INVESTIGATION REPORT

| | | | |
|---|---|---|---|
| COMPLAINANT: | Selena Davis | IDHR Charge NO.: | 2006CA2260 |
| RESPONDENT: | Board of Education of the City of Chicago | EEOC Charge NO.: | 21BA61250 |

Investigator  __Cassandra Silmon__   Supervisor __Pamela Williams__ Date___ 12/15/06___

**Issue/Basis :**  A. Discharge/age/40
B. Discharge/color/ light complexion

**Finding :** A. Lack of substantial evidence
B. Lack of substantial evidence

## Jurisdiction

| | |
|---|---|
| Alleged violations: | 11/30/05 |
| Charge filed: | 03/07/06 |
| Charge Perfected: | 03/07/06 |
| Amendments: | 07/27/06 |
| Number of employees: | 32,681 |

## Verified Response

Received:
Timely:__X____ Untimely:_____
If untimely, good cause shown:  Yes ____    No _____

## Employment Data:

Respondent's EEO-1 report (Exhibit A) shows that it employed 32,681 employees. Respondent does not track the ages or skin complexion of its employees.  Respondent stated that it employed 80 individuals at Nancy B. Jefferson Alternative School of which 56 (70%) are over age 40.  There were 2 School Clerk I, 1(50%) was under the age of 40.

## Uncontested facts:

1. Respondent operates 550 public elementary and secondary schools within the City of Chicago.
2. Jefferson School is located at 1100 S. Hamilton in the Cook County Juvenile Detention Center

Charge No. 2006CA2260
Page 2


## INVESTIGATION SUMMARY

### Complainant's Allegations – Counts A & B

Complainant, a School Clerk 1 alleges that on November 30, 2005, Respondent discharged her due to her age, 40 and her color, light complexion. Complainant alleges that the reason given to her for the discharge was excessive tardiness and absenteeism. Complainant alleges that her attendance was comparable to the attendance of younger Office Clerks, Leslie Bates (20's) and Elizabeth Cadachon (20's,) and whose skin complexion is darker than hers, and they were not discharged.

### Respondent's Defenses –Counts A & B

Respondent denies that it discharged Complainant due to her age, 40, and color, light complexion. Respondent contends that Complainant was discharged because of excessive tardiness and absenteeism. Respondent denies that Complainant's attendance was comparable to Leslie Bates (28), School Clerk 1 and Elizabeth Cadachon (25), Teacher Assistant. Respondent contends that Complainant had been advised and disciplined regarding her excessive absenteeism and tardiness, but the behavior continued.

### Factual Findings

1.  Respondent provided its General Non-Discrimination Policy which states that discrimination of any sort is not tolerated (Exhibit B).

2.  Exhibit C is Respondent's Employee Discipline and Due Process Policy (EDDP) which details Respondent's comprehensive policy on discipline, due process, and discharge procedures for all school based and non-school based employees of the City of Chicago Public Schools. Respondent's EDDP establishes procedures to discipline its employees that engage in acts of misconduct.

3.  Judith Adams, (66, medium light complexion), Respondent's Principal, stated that Jefferson school is located at the Juvenile Detention Center. Adams stated that young people are picked up and kept at the center while awaiting sentencing. Adams stated that between 15-20 students are enrolled daily. Adams stated that school is in session 46 ½ weeks yearly. Adams stated that there are forty one classrooms, sixty five teachers and fifteen support staff. Adams stated that two of the fifteen support staff are School Clerk I.

    Adams stated that she became principal of Jefferson School in February, 1999 (Exhibit D). Adams stated that at the beginning of the school year, staff are allotted benefit time of twelve sick days and three personal business days. Adams stated that staff are required to phone in one half hour early to report a tardy or

Charge No. 2006CA2260
Page 3

absence. Adams stated that as principal, she has the option of requesting medical
documentation for sick time used. Adams stated that she requests medical
documentation if staff phone in 4 or more consecutive days sick.

Adams stated that from June, 1999 through February, 2003, she observed chronic
tardiness and absenteeism on Complainant's part, where Complainant was absent
and tardy on a consistent basis (Exhibit E) . Adams stated that in February, 1999,
she addressed Complainant's tardiness and absenteeism with her. Adams stated
that Complainant informed her that she was having problems with her former
husband, and requested her work hours be changed to 9:00 a.m. to 4:30 p.m.
Adams stated that she granted Complainant's request and that Complainant
continued to be tardy and absent.

Adams stated that she spoke to Complainant during the 2001-2002 school year,
regarding her tardiness and absenteeism but that there was no improvement.
Adams stated that in following with Respondent's Employee Discipline and Due
Process Policy (progressive discipline), Complainant received a two day
suspension without pay on October 17, 2003. Adams stated that Complainant's
suspension was the result of a pre-discipline hearing (Exhibit F). Adams stated
that Complainant did not appeal the suspension. Adams stated after being
suspended for two days without pay, Complainant was further disciplined when
she received a written reprimand on April 2, 2004, regarding her attendance.

Adams stated that from August 27, 2003 through March, 2004, Complainant was
absent 29 ½ days and tardy 66 days. Adams stated that on August 10, 2004,
Complainant received a 7 day suspension without pay. (Exhibit G) Adams
stated that during the pre-discipline hearing, she suggested that Complainant
report to work on time and inform the school of her tardiness and absenteeism one
half hour before the start of the work day. Adams stated that she suggested that
Complainant provide medical statements or documents regarding her absences.
Adams stated that Complainant did not appeal the 7 day suspension. Adams
stated that after the 7 day suspension without pay, Complainant's attendance did
not improve.

Adams stated that on February 1, 2005, Complainant received a 10 day
suspension without pay for her attendance (Exhibit H). Adams stated that on
January 25, 2005, Complainant failed to report to work as scheduled and failed to
inform Respondent of her absence. Adams stated that on February 4, 2005,
Complainant appealed the 10 day suspension. Adams stated that an appeal
hearing was held on March 2, 2005 (Exhibit I), and that Respondent's Office of
Labor and Employee Relations upheld the ruling. Adams stated that
Complainant's attendance did not improve.

Adams stated that on June 14, 2005, Complainant was issued a cautionary notice
for failing to personally notify the school of her absence (exhibit J). Adams stated
that on July 13, 2005, Complainant phoned and stated that she would be late for

Charge No. 2006CA2260
Page 4

work. Adams stated that on that same day, Complainant neither reported for work, nor did she phone again to report her absence. Adams stated that Complainant's attendance did not improve.

Adams stated that from February 1, 2005 through July 13, 2005, Complainant was absent for 8 days without benefit time (Exhibit K). Adams stated that on July 26, 2005 a pre-discipline hearing was held for Complainant and that she recommended Complainant's termination.

Adams stated that on November 16, 2005 a dismissal hearing was held for Complainant. Adams stated that Complainant agreed to resign, therefore, the dismissal hearing was cancelled. Adams stated that on December 13, 2005, Complainant rescinded her resignation (Exhibit L).

Adams stated that on January 18, 2006, a discharge hearing was held for Complainant. (Exhibit M). Adams stated that during the hearing, Complainant was represented by counsel and presented evidence regarding her domestic relations problems and other reasons pertaining to her excessive tardiness and absenteeism (Exhibit N). Adams stated that on March 13, 2006, the hearing officer recommended that Complainant be discharged for violating the Employee Due Process and Discipline Policy (Exhibit O).

Adams stated that on March 22, 2006, the Board of Education of the City of Chicago approved the recommendation to discharge Complainant (Exhibit P). Adams stated that Complainant was represented by Respondent's union at each discipline hearing. Adams stated that Complainant was herself a union representative, and was aware of Respondent's attendance policy.

4. Complainant stated that she worked for Respondent, Board of Education Of The City of Chicago, for 17 years. Complainant stated that she was hired in February, 1988. Complainant stated that Ms. Ford (age and skin complexion unknown), from the career center located at 125 S. Clark Street, hired her. Complainant stated that she was hired as School Clerk I.

Complainant stated that in May, 1999, she transferred to Jefferson School. Complainant stated that she was hired by the Principal at that time, Dr. Carroll, (over 40, skin complexion unknown). Complainant stated that her job duties consisted of answering phones, updating student information cards and greeting parents. Complainant stated that her work hours were 8:30 a.m. to 4:30 p.m.

Complainant stated that when she transferred to Jefferson School, there were four School Clerk I. Complainant stated that three of the four School Clerk 1 were under 40, and darker complexion. Complainant stated that when she was discharged, there were 2 School Clerk I, herself and Leslie Bates (20's, dark complexion). Complainant stated that she last worked for Respondent in December, 2005.

Charge No. 2006CA2260
Page 5

Complainant stated that she was excessively tardy and absent because of personal
domestic relations problems. Complainant stated that she informed Principal
Judith Adams of her personal problems in March, 2004 and in February, 2005.
Complainant stated that Principal Adams informed her not to bring in
documentation of her personal problems because the other employees had access
to her file.

Complainant stated that in the beginning of the school year 2001, Principal
Adams started calling her "cracker girl." Complainant stated that she believed the
term inferred that she was a small person. Complainant stated that she feels she
was discriminated against based upon her age because younger clerks Leslie
Bates (20's, dark complexion) and Ms. Cadachon (20's, dark complexion) were
being treated better than her. Complainant stated that Principal Adams singled
her out.

Complainant stated that on June 18, 2002, Principal Adams instructed her to put
an "Out of Order" sign on the bathroom door. Complainant stated that putting the
sign on the door was not her job duty, and it made her feel small. Complainant
stated that on December 12, 2002, she returned from lunch to find all of the items
from her cabinet on the floor. Complainant stated that her co-workers Ms.
Stanton (over 40) and Ms. Ballinger (over 40) were laughing.

Complainant stated that she was excessively tardy and absent in 2003, but that it
wasn't for as often as had been recorded. Complainant stated that beginning on
June 8, 2003, Ms. Dickens (under 40, dark complexion) (job title unknown), and
Principal Adams began altering her time. Complainant stated that she
understanding of Respondent's attendance policy was that if an employee was
excessively tardy and absent it was fine, as long as the individual had a good
reason. Complainant stated that she became aware of Respondent's attendance
policy in 2003 when she was given a copy of it.

**STAFF NOTE:**
Complainant alleged that her time was being altered. Staff requested
documentation but Complainant did not provide it.

Complainant stated that the Employee Discipline and Due Process Policy was
located in the same manual as the attendance policy. Complainant stated that in
December, 2003, Principal Adams told her that she needed to find another job.
Complainant stated that in December, 2003, Assistant Principal Chisholm told
her that she was like an un-favorite pair of Principal Adams' shoes. Complainant
stated that she gave Principal Adams a copy of the subpoena for the domestic
violence situation that she was in.

Charge No. 2006CA2260
Page 7

testing procedures and engaging in behaviors that seriously disrupt the orderly educational process on August 31, 2004(Exhibit V).

9.     Confidential Witness A, (over 40, light complexion), stated that Complainant told her on a daily basis beginning in 2001 through 2005 that Principal Judith Adams was harassing her. Confidential Witness A stated that Complainant informed her that Principal Adams was disrespecting her because of her age and her skin complexion. Confidential Witness A stated that Complainant informed her that she was constantly being watched by her co-workers.

10     Administrative Assistant for the Juvenile Detention Center, Vanessa McCain, (over 40, medium complexion), stated that she worked on the same floor as Complainant. McCain stated that during the 2004-2005 school year, Complainant came to her to complain that her co-workers were harassing her. McCain stated that Complainant never told her that she felt she was being harassed because of her age or her skin complexion. McCain stated that the other employees that worked with Complainant were the same skin complexion or lighter than Complainant. McCain stated that the employees ages ranged from under 40 to over 40.

11.    Former Administrator for the Board of Education of the City of Chicago, Ruth B. Life, (over 40, medium complexion), stated in a written statement that under certain circumstances time can be altered. Life stated that time can be changed by a school clerk, or by administration before it is sent to the payroll system.

12.    Psychotherapist, LCPC, Gloria Passalacqua, (over 40, brown complexion), stated she first saw Complainant on August 11, 2005 then again on September 22, 2005. Passalacqua stated that Complainant came to see her because she was very stressed out. Passalacqua stated that Complainant told her that she was having problems with her former boyfriend. Passalacqua stated that Complainant never stated that she felt discriminated against at work. Passalacqua stated that Complainant mentioned that she was having problems with her boss stemming from the problems she had with her former boyfriend. Passalacqua stated that her conversation with staff was the first time she'd heard that Complainant felt she was discriminated against because of her age, and color, light complexion.

## Analysis

The Department's investigation did not reveal that Respondent discharged Complainant because of her age, 40 or color, light complexion. The investigation did not reveal that Complainant's named comparatives, Leslie Bates and Elizabeth Cadachon were excessively absent and/or tardy. The investigation revealed that consistent with its Employee Discipline and Due Process Policy, other similarly situated individuals within Complainant's age range were terminated. The investigation revealed that Complainant was progressively disciplined and continued to be absent and tardy. Complainant conceded and evidence supports Complainant's attendance which led to discharge.

Charge No. 2006CA2260
Page 8

## Findings and conclusion -- Counts A & B

A finding of lack of substantial evidence is recommended because:

The evidence shows and Complainant admitted that she was excessively absent and tardy. Complainant's name comparative, Leslie Bates, received one notice regarding her tardiness during the relevant time frame. After receiving notice to improve, evidence shows that Bates' attendance improved. Evidence did not show that Complainant's named comparative, Elizabeth Cadachon was excessively absent and/or tardy. Evidence showed that Respondent had discharged other similarly situated individuals for violating it Employee Discipline and Due Process Policy. There is no evidence to support that Respondent discharged Complainant because of her age or her color.

## Witness Information

1. Complainant (ffc)
   4928 W. Concord Place, Basement
   Chicago, IL  60639
   (773) 237-4445

2. Judith Adams (66, light complexion), Principal (ffc)
   c/o Kristin Lion
   Chicago Board of Education Law Department
   125 S. Clark Street, Suite 700
   Chicago, IL  60603
   (773) 553-1666

3. Ruth B. Life (over 40, skin complexion unknown)
   (written statement)

4. Vanessa McCain (over 40, medium skin complexion),
   Administrative Assistant (telephone interview)
   11620 S. May
   Chicago, IL  60643
   (773) 821-6326

5. Confidential Witness A (over 40, light complexion)
   (in-office interview)

Charge No. 2006CA2260
Page 9

6. Maria Torres (age unknown, skin complexion unknown)
   Unable to contact on July 19, 2006 and August 25, 2006 – left messages and
   received no call back.

7. Gloria Passalacqua (over 40, Hispanic, Brown Complexion)
   Psychotherapist, LCPC (telephone interview)
   6551 W. North Avenue
   Oak Park, IL  60302
   (847) 853-0069

## Exhibits

A.      Staff statistics, October 1, 2004.
B.      General Non-Discrimination Policy.
C.      Employee Due Process and Discipline Policy
D.      Affidavit of Principal Judith Adams.
E.      Letters from Principal Adams to Complainant regarding attendance, 8/29/01,
        8/30/01, 8/14/02, 10/9/02, 10/24/02, 10/28/02, 12/9/02, 4/25/03, 6/25/03, 7/8/03,
        and 8/4/03.
F.      Documentation of Complainant's 2 day suspension without pay.
G.      Documentation of Complainant's 7 day suspension without pay.
H.      Documentation of Complainant's 10 day suspension without pay.
I.      Documentation of Appeal Hearing, March 2, 2005.
J.      Cautionary Notice to Complainant.
K.      Documentation of Complainant's absence from 2/1/05 – 7/13/05.
L.      Complainant's rescinded resignation.
M.      Complainant's discharge hearing January 18, 2006.
N.      Complainant's domestic battery police reports.
O.      Discharge Hearing Summary, January 18, 2006.
P.      Request for Dismissal and Approval of Complainant's Dismissal, March 22, 2006
        and November 14, 2005.
Q.      Memorandum to Complainant regarding excessive tardiness, June 9, 1998.
R.      Leslie Bates time and attendance, 9/1/04-8/3/05.
S.      Elizabeth Cadachon timecard 4/1/05-8/9/05.
T.      Attendance and Discipline notices for Guidance Counselor Aide, T.E., August 20,
        2004, August 12, 2004, January 23, 2004 and October 28, 2003.
U.      Memo to Instructional Assistant III, R.T. from Judith Adams, March 13, 2006.
V.      Approval of dismissal, Teacher, S.J., August 31, 2004,  Letter from CEO Arne
        Duncan to S.J., June 14, 2004.
W.      Complainant's Employment Application.
X.      Personnel Staffing Notice of Complainant's transfer to Jefferson School.
Y.      School Clerk Job Description.
Z.      Complainant's timecard 3/2/05-11/2/05.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

**06W0307.01**

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | **2006CA2260** |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (Include area code) |
|---|---|
| Selena V. Davis | **(773) 237-4445** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4928 W. Concord Place, Bsmt., | Chicago, IL  60639 | 06/17/65 |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)**

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| Chicago Public Schools | | (773) 533-1000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 125 S. Clark Street | Chicago, IL  60603 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| COLOR    AGE | EARLIEST (ADEA/EPA)  LATEST (ALL)<br><br>11/30/05<br><br>☐ CONTINUING ACTION |

**THE PARTICULARS ARE (If additional space is needed attach extra sheet)**

I.    A.    ISSUE/BASIS

DISCHARGE – NOVEMBER 30, 2005, BASED ON MY AGE, 40

B.    PRIMA FACIE ALLEGATIONS

1.    My age is 40.

2.    My job performance met Respondent's legitimate expectations.  I began my employment with Respondent in February 1988.

Continued...

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

_Jacquelyn Turner Hamb_  2/7/06

NOTARY SIGNATURE        MONTH DATE-YEAR

X _Selena Davis_    3-7-06

SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09

NOTARY SEAL

FORM 5 (5/05)

Complainant:  Selena V. Davis
Charge Number: 2006CA2260
Page 2

3.    On November 30, 2005, I was discharged.  The reason given by Respondent for discharging me was excessive tardiness, absenteeism and allegedly having a hit put on Judith Adams, Principal.  None of these allegations are true.

4.    My attendance was comparable to the attendance of younger office clerks, Leslie Bates and Betty Catachon and they were not discharged.

II.    A.    ISSUE/BASIS

DISCHARGE - NOVEMBER 30, 2005, BASED ON MY COLOR (LIGHT COMPLEXION)

B.    PRIMA FACIE ALLEGATIONS

1.    My skin complexion is light.

2.    My job performance met Respondent's legitimate expectations.  I began my employment with Respondent in February 1988.

3.    On November 30, 2005, I was discharged.  The reason given by Respondent for discharging me was excessive tardiness, absenteeism and allegedly having a hit put on Judith Adams, Principal.  None of these allegations are true.

4.    I believe Judith Adams, Principle singled me out because my complexion skin tone is lighter than my similarly situated co-workers whose skin tone is darker than mine.

MEE/JJT

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:                               )
                                                )
SELENA DAVIS,                                   )        CHARGE NO.  2006CA2260
                                                )        EEOC NO.    21BA61250
                            COMPLAINANT,         )
                                                )
AND                                             )
                                                )
BOARD OF EDUCATION OF THE CITY OF               )
CHICAGO,                                        )
                                                )
                            RESPONDENT.         )

## NOTICE OF DISMISSAL
## FOR LACK OF SUBSTANTIAL EVIDENCE

Ms. Selena V. Davis                    Ms. Kristin A. Lion, Esq.
4928 West Concord Place,  basement     Chicago Board of Education Law Department
Chicago,  IL  60639                    125 South Clark Street,  Suite 700
                                       Chicago,  IL  60603

DATE:   January 29, 2007

REQUEST FOR REVIEW FILING DEADLINE DATE:  March 5, 2007

1.      YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation
report, the DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is
NOT substantial evidence to support the allegations of the charge(s).  Accordingly,
pursuant to Section 7A-102(D) of the Human Rights Act (775 ILCS 5/1-101 et. seq.)
and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.810), the
charge is HEREBY DISMISSED.

2.      If Complainant disagrees with this action, Complainant may seek review of this
dismissal before the CHIEF LEGAL COUNSEL (CLC), Illinois Department of Human
Rights, 100 West Randolph Street, Suite 10-100, Chicago, Illinois, 60601, by filing a
"Request for Review" with the CLC within thirty (30) days after receipt of this Notice, by
the request for review filing date above.  Respondent will be notified by the CLC if a
Request for Review is filed.

(continued on page two)

NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
January 29, 2007
Page Two

3.    If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal.  (Charges filed under the Americans with Disabilities Act of 1990 are automatically given this review.)  Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Chief Legal Counsel, within fifteen days of the Chief Legal Counsel's final order.  Any request filed prior to your receipt of a final notice WILL NOT BE HONORED.  Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2800, Chicago, Illinois  60661.  Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

PLEASE NOTE:  BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT.  IF AN APPPOINTMENT IS REQUIRED, CALL 312-353-2713 OR 1-800-669-4000.

                              DEPARTMENT OF HUMAN RIGHTS

NOD/LSE
12/01

November 14, 2005

## APPROVAL OF DISMISSAL CHARGES AGAINST SELENA DAVIS, SCHOOL CLERK, ASSIGNED TO NANCY B. JEFFERSON ALTERNATIVE SCHOOL

**The Chief Executive Officer**

Hereby approves the following charges against Selena Davis, School Clerk, assigned to Nancy B. Jefferson Alternative School.

## CHARGES

I charge Selena Davis with:

1.    Violation of Section 4-13 of the Chicago Public Schools' Employee Discipline and Due Process Policy that prohibits excessively poor attendance or tardiness.

2.    Violation of Section 4-26 of the Chicago Public Schools' Employee Discipline and Due Process Policy that prohibits violating School rules, Board rules, policies or procedures that result in behaviors that seriously disrupt the orderly educational process in the classroom, in the school, and may occur on or off the school grounds or assigned work location.

3.    Violation of Section 5-1 of the Chicago Public Schools' Employee Discipline and Due Process Policy that prohibits repeated or flagrant acts of Group 4 misconduct.

4.    Violation of Section 5-17 of the Chicago Public Schools' Employee Discipline and Due Process Policy that prohibits violating School rules, Board rules, policies or procedures which result in behaviors that grossly disrupt the orderly educational process in the classroom, in the school, and may occur on or off the school grounds or assigned work location.

5.    Your conduct was unbecoming of a Chicago Public Schools' employee.

## SPECIFICATIONS

1.  At all times relevant to these charges, you were assigned as a School Clerk at the Nancy B. Jefferson Alternative School.  Your regular work hours are from 8:45 a.m. to 4:30 p.m. Monday through Friday.

A

2. On October 17, 2003, you were found to be in violation of Sections 1-1, 1-6, 2-7, and 2-8 of the Chicago Public Schools' Employee Discipline and Due Process Policy for excessive tardiness, absences without medical statements, leaving duty assignment or school without permission, and failure to inform school of tardiness and absences at least one-half (1/2) hour before arrival time, to which you received two days suspension without pay.

3. On October 10, 2004, you were found to be in violation of Section 3-1 of the Chicago Public Schools' Employee Discipline and Due Process Policy for excessive tardiness, excessive absences, and failure to inform the school of absences or tardiness in a timely manner, to which you received seven days suspension without pay.

4. On February 1, 2005, you were found to be in violation of Section 4-1 of the Chicago Public Schools' Employee Discipline and Due Process Policy for failure to report to work as scheduled, and failure to inform the school of your absence on January 25, 2005, to which you received ten days suspension without pay.

5. During the time period of April 2005 through October 2005, you have been excessively absent and/or tardy without justification.

6. Your poor attendance has caused you to neglect your job duties as school clerk. As a result, you are not dependable for daily activities associated with your employment.

7. Moreover, you have repeatedly left work early, arrived late, taken unscheduled breaks, and failed to report to work such that you do not work your scheduled hours of work per day.

**Based on the above specifications, dismissal is warranted.**

Respectfully submitted,


Arne Duncan
Chief Executive Officer


Approval as to legal form:


Patrick J. Rocks
General Counsel

Department of Finance · Bureau of Risk and Benefits Management
Division of Employee Benefits
125 South Clark Street, 14th floor · Chicago, Illinois 60603 · Telephone 773/553-2820 · FAX 773/553-2821

Georgette V. Hampton
Director

December 23, 2005

**Selena V. Davis**
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

## STATEMENT OF FACTS

This is to protest the payment of the above listed claimant under Section 602A of the Illinois Unemployment Insurance Act

This Claimant was employed with the Chicago Public Schools as a School Clerk at Jefferson School earning $26.47 hourly.

[] Suspended with pay      [] Suspended without pay      [X] Terminated/discharged
Date _____          Date: _____          Date: _11/30/2005_

### NARRATIVE:

Claimant was terminated for excessive tardiness, absenteeism and allegedly having a hit put on her Principal for having her suspended. In October Claimant was found in violation of Section 3-1 of the Chicago Public Schools Employee Discipline Code book for excessive absences and failure to inform the school of absences or tardiness in a timely manner to which she received a seven day suspension. In February of 2005 Claimant was found in violation of Section 4-1 of the Chicago Public Schools Employee Discipline Code for failure to report to work as scheduled and failure to inform the school of her absence on January 25, 2005. For this she received a ten day suspension.
From April through October of 2005 Claimant was excessively absent and/ or tardy without justification. I am also enclosing information about a hit that claimant allegedly put out on her Principal for giving her the ten day suspension, in June of 2005.

[X] Supportive documentation attached
[] Supportive documentation forthcoming
[] Promised Forthcoming documentation

Therefore, we contend that the claimant is not entitled to be paid benefits based on the disqualification provisions of Section (s) [ ] 601A [X] 602 of the Act.
We request issuance of Bis. 134.1 (s) addressing the above-listed issue(s) of protest.

Herbert J. Purkett Jr
Unemployment Coordinator
Chicago Public Schools
773-553-3325

*Children First*



D.S.S.E. 103
Com. No. 97

City of Chicago
Department of School Safety
and Environment

# INCIDENT REPORT #315735

SCHOOL __Nancy B. Jefferson Alternative School__   DISTRICT __Area 21__   UNIT NO. __2120__

PERSON COMPLETING REPORT __Judith J. Adams__   TITLE __Principal__

INCIDENT __Received 3 verbal reports of threats__   DATE AND TIME __Thursday morning, June 9th,__
on my life.   __Friday Morning, June 10th.__

VICTIM (If Applicable) __Judith J. Adams__   __Wednesday morning, June 15, 2005__
(LIST ADDITIONAL VICTIMS IN NARRATIVE)   SEX __F__   AGE ____

ADDRESS __10100 S. Oakley Ave__   OCCUPATION __Principal__

OFFENDER (If Known) __Selena Davis__   SEX __F__   AGE __40__
(LIST ADDITIONAL OFFENDERS IN NARRATIVE)

ADDRESS __1100 North Mayfield__   OCCUPATION __School Clerk__

## NARRATIVE SECTION: (Describe What Happened and What Action Was Taken)

Mr. Estes Bayliss, firend of Ms. Selena Bayliss has contacted me on three occasions ( 6?9,
6/10 and 6/15) to inform me that Ms. Davis has asked him to " put a hit out on " me. Mr.
Bayliss stated that Ms. Davis is angry becauseI have suspended her without pay on two occa-
sions. He stated that she has asked him to make the "hit" or to find someone else to do it.
Mr. Bayliss stated that one reason for sharing this information with me is because he is
angry with Ms. Davis for injuring him severely enough to require his hospitalization.
Mr. Bayliss insists that Ms. Davis wants me "hurt."

(USE REVERSE SIDE IF NECESSARY)

__June 16, 2005__
(DATE)

__Judith J. Adams__
(SIGNATURE OF ADMINISTRATOR)

PREPARE IN TRIPLICATE

## DISPOSITION OF COPIES

● Original to Department of School
  Safety and Environment
● 1st Copy to District Office
● Retain School File Copy

*PLEASE THINK CHILDREN!*

000124





**STATE OF ILLINOIS**
**DEPARTMENT OF EMPLOYMENT SECURITY**
**APPEALS DIVISION**
**DECISION**

APPEAL DOCKET AR-6020089A                      **LOCAL OFFICE: 081**

**CLAIMANT:**                                  **EMPLOYER:** (APPELLANT)
Selena V Davis                                 Chicago Public Schools c/o Bureau Of Unemp. Ins.
4928 W Concord, Bsmt.                          125 S. Clark St. 14th Floor
Chicago IL 60639                               Chicago IL 60603



| | | |
|---|---|---|
| **SOCIAL SECURITY NUMBER:** | 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 | **DATE OF HEARING:** June 27, 2006 |
| **DATE OF APPEAL:** | February 14, 2006 | **PLACE OF HEARING:** Chicago |
| **DATE OF REMAND:** | May 08, 2006 | **DATE OF MAILING:** July 03, 2006 |

**APPEARANCES/ISSUES/EMPLOYER STATUS:** The claimant and the employer appeared and testified at the hearing. The issue is: Was the claimant discharged for misconduct connected with work as defined in Section 602A of the Illinois Unemployment Insurance Act? The employer is a party to this appeal.

**FINDINGS OF FACT:** The claimant was a school clerk. She was discharged for excessive absences between April and October, 2005. The claimant agreed she was absent most of the days the employer said she was, which were numerous. However, the claimant was absent most every time for one of three reasons, over which she had no control. She was in an abusive relationship, as shown by a police report and other documents she produced, including a report from her psychotherapist. That problem required her to appear in court and made her ill. Her psychotherapist found her to be "...very stressed out..." by it and she was taking medicine for it. The problem affected her emotionally, and in turn, that affected her health, as that report also stated, causing her, in turn, to miss work. However, since she lacked insurance, as the therapist's report states, her therapy and treatment were cut short. In addition to her poor health and her abusive relationship that caused the claimant to miss work, she missed work because she was her grandmother's only caretaker (she eventually died). There is no doubt that, as the employer stated, the claimant was absent excessively. On the other-hand, there is no doubt, as the claimant stated, that those absences were due to illness or other circumstances beyond her control and were not deliberate or willful. The claimant denied any wrongdoing.

**CONCLUSION:** Section 602A of "The Unemployment Insurance Act" provides, in part, that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The evidence failed to establish the claimant was discharged for misconduct in connection with work. Her discharge was not due to any deliberate or willful violations of the employer's rules or policies. Although the claimant was absent excessively and may have thereby technically violated the employer's rules, her absences were due to her health, her abusive relationship and the need to care for her sick grandmother. The evidence failed to establish any intentional wrong directed toward the employer. Her absences were caused by matters over which she had little if any control. The claimant denied any wrongdoing and none was established. Accordingly, no disqualification is appropriate under Section 602A of the Act.

**DECISION:** The determination of the Local Office is AFFIRMED. No disqualification is imposed under Section 602A of the Act.

ADM

ALVIN D. MEYERS, Hearings Referee    561

**RIGHT OF FURTHER APPEAL:** This decision will become final, unless WRITTEN NOTICE of appeal from the decision is filed within thirty days from the date of mailing shown above. The notice of appeal must be filed at the local unemployment insurance office where the claim is filed, with the Board of Review at 33 S. State, Chicago, Illinois 60603, or by FAX at 312-793-2373.

Q:\PDOXAPPS\DM\DOCS\6020089A.LF1