UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELENA DAVIS,<br>　　　　　Plaintiff,<br>v.<br>CHICAGO BOARD OF EDUCATION AND<br>JUDITH ADAMS,<br>　　　　　Defendants. | Case No. 07 C 7264<br>Judge Joan B. Gottschall<br>Magistrate Judge Valdez |

### DEFENDANT ADAMS' MOTION TO DISMISS TITLE VII AND ADEA CLAIMS

Defendant Judith Adams ("Adams"), by her attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel Sunil Kumar, moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Selena Davis' ("Plaintiff") Title VII and ADEA claims in her complaint ("Complaint"), and in support, states as follows:

**A. Introduction**

Plaintiff is proceeding *pro se* in this action. She was formerly employed by defendant Board of Education of the City of Chicago ("Board") as a clerk at Jefferson School. (Exh. A - IDHR Report at 1-2 which is the first attachment to Plaintiff's Complaint; EEOC charge attached to Complaint). Defendant Adams serves as the principal at Jefferson School. *Id.*

Plaintiff alleges that defendants discriminated against her "on or about, or beginning on or about June 2003." (Exh. A - Plaintiff's Complaint ¶6). Plaintiff alleges that Adams violated the Age Discrimination in Employment Act ("ADEA") by discriminating against Plaintiff because of her age. (Exh. A - Plaintiff's Complaint

¶9(a)). She further alleges that Adams violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 by allegedly discriminating against her because of her color. (Exh. A – Plaintiff's Complaint ¶9(b)).

Plaintiff's Title VII and ADEA claims against Adams should be dismissed because neither statute authorizes individual capacity liability against one's supervisor.

**B. Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *accord Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on such a motion, the court accepts all well-pleaded facts alleged in a complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *See McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). The court need not accept legal conclusions or unsupported factual conclusions from the complaint as true. *Id.*

A court analyzes a motion to dismiss for failure to state a claim by reviewing the facts alleged in the complaint, and any inferences that can be drawn from it, in the light most favorable to the non-moving party. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). If it appears "to a certainty" that the plaintiff cannot establish any facts which would entitle him to the relief requested, dismissal is appropriate. *Id.* The court, however, is not bound by the plaintiff's legal characterization of the facts and is not required to ignore facts set forth in the complaint that undermine plaintiff's claim. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992), *cert. denied*, 508 U.S. 942, 113 S. Ct. 2421 (1993).

The court may consider the contents of an EEOC charge that is attached to a plaintiff's complaint without converting a Rule 12 (b)(6) motion into a motion for summary judgment. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002).

C. **Argument**

- **There Is No Individual, Supervisor Liability Under Title VII or ADEA**

Although Adams was Plaintiff's supervisor, she was not Plaintiff's employer. Defendant Board was Plaintiff's employer within the meaning of Title VII, 42 U.S.C. §2000e(b). ADEA's definition of employer mirrors that of Title VII. *E.E.O.C. v. AIC Security Investigations*, 55 F.3d 1276, 1279-80 (7th Cir. 1995). Neither Title VII nor ADEA authorize individual capacity, supervisor liability. *Id. Accord Sattar v. Motorola*, 138 F.3d 1164, 1168 (7th Cir. 1998)(rejecting individual liability under Title VII); *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n. 2 (7th Cir. 2001)("we have suggested that there is no individual capacity liability under the ADEA"); *Cheng v. Benson*, 358 F. Supp. 2d 696, 699-700 (N.D. Ill. 2005). Plaintiff's Title VII and ADEA claims against principal Adams, therefore, should be dismissed with prejudice. *Id.*

WHEREFORE, defendant Judith Adams respectfully requests that this court dismiss, with prejudice, Plaintiff's purported Title VII and ADEA claims against her.

Respectfully submitted,

3

                Patrick J. Rocks
                General Counsel

By:   s/ Sunil Kumar
       Sunil Kumar
       Assistant General Counsel
       Board of Education of the City of Chicago
       125 South Clark Street, Suite 700
       Chicago, Illinois 60603
       (773) 553-1700

## CERTIFICATE OF SERVICE

I, Sunil Kumar, an attorney do hereby certify that I caused the attached **Defendant Adams' Motion to Dismiss Title VII and ADEA Claims** to be served upon plaintiff, Selena Davis at:

4928 W. Concord Pl.
Chicago, Illinois 60639

by U.S. Mail delivery deposited at 125 South Clark Street, Chicago, Illinois 60603 on February 20, 2008.

                s/ Sunil Kumar
                Sunil Kumar
                Assistant General Counsel
                Board of Education of the City of Chicago
                125 South Clark Street, Suite 700
                Chicago, Illinois 60603
                (773) 553-1700