UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SELENA DAVIS, | ) | |
|         Plaintiff, | ) | |
| v. | ) | Case No. 07 C 7264 |
| | ) | |
| CHICAGO BOARD OF EDUCATION *et al.*, | ) | Judge Joan B. Gottschall |
| | ) | |
|         Defendants. | ) | Magistrate Judge Valdez |

**DEFENDANT BOARD'S ANSWER TO PLAINTIFF'S
COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, Chicago Board of Education ("Board"), by and through its attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel Jennifer Y. Wu, hereby submits its answers, affirmative defenses and jury demand to plaintiff's complaint:

**DEFENDANT BOARD'S ANSWERS**

Answering the specific allegations of plaintiff's complaint, Defendant Board admits, denies, or otherwise avers as follows:

1. This is an action for employment discrimination.

**ANSWER:** **Defendant Board ADMITS the allegation contained in Paragraph 1.**

2. The plaintiff is Selena Davis of the county of Cook, in the state of Illinois.

**ANSWER:** **Defendant Board ADMITS that the plaintiff is Selena Davis. Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.**

3. The defendant is Chicago Public School/Judith Adams, whose street address is 125 South Clark Street, (city) Chicago (county) Cook (state) IL (ZIP) 60603 (Defendant's telephone number) (773) 553-1000.

**ANSWER:** **Defendant Board ADMITS that the Board of Education of the City of**

Chicago, also known as the Chicago Public Schools, is a defendant in this case and its street address is 125 S. Clark St., Chicago, IL 60603. Defendant Board ADMITS that Judith Adams is a defendant in this case and is the principal of the Nancy B. Jefferson Alternative School, 1100 S. Hamilton Ave., Chicago, IL 60612.

    4.    The plaintiff sought employment or was employed by the defendant at (street address) 1100 S. Hamilton (city) Chgo (county) Cook (state) IL (ZIP) 60612.

ANSWER:   Defendant Board ADMITS the allegations contained in Paragraph 4.

    5.    The plaintiff was:
        (c)    employed but is no longer employed by the defendant.

ANSWER:   Defendant Board ADMITS the allegations contained in Paragraph 5.

    6.    The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June, (day) ____, (year) 2003.

ANSWER:   Defendant Board DENIES the allegations contained in Paragraph 6.

    7.1    (a)    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:
        (i)    The United States Equal Employment Opportunity Commission on or about (month) November (day) 30 (year) 2005.
        (ii)    The Illinois Department of Human Rights, on or about (month) November (day) 30 (year) 2005.
    (b)    If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

ANSWER:   As to the allegations contained in Paragraph 7.1(a), Defendant Board ADMITS that plaintiff filed charges with the Illinois Department of Human Rights, which was cross-filed with the United States Equal Employment Opportunity

Commission, on March 7, 2006.  Defendant Board ADMITS the remaining allegations contained in Paragraph 7.1(a) and 7.1(b).

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) Oct (day) 1 (year) 2007, a copy of which *Notice* is attached to this complaint.

ANSWER:    Defendant Board ADMITS that the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and a copy of that Notice is attached to plaintiff's complaint.  Defendant Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. The defendant discriminated against plaintiff because of the plaintiff's
   (a) Age (Age Discrimination Employment Act).
   (b) Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 9.

10. If the defendant is a state, county municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

ANSWER:    Defendant Board DENIES the allegations contained in Paragraph 10.

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); over 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

ANSWER:    Defendant Board ADMITS the jurisdiction over the statutory violation alleged is proper with respect to plaintiff's Title VII, 42 U.S.C. § 1983 and ADEA claims.  Defendant Board DENIES the remaining allegations contained in Paragraph 11.

12. The defendant
    (b) terminated the plaintiff's employment.

    **ANSWER:**    **Defendant Board ADMITS the allegations contained in Paragraph 12.**

13. The facts supporting the plaintiff's claim of discrimination are as follows:
Excessive abuse of employee discipline code
Harassment
False police report
Presenting false information regarding attendance.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 13.**

14. Defendant knowingly, intentionally, and willfully discriminated against plaintiff.

**ANSWER:**    **Defendant Board DENIES the allegations contained in Paragraph 14.**

15. The plaintiff demands that the case be tried by a jury. ☐YES☐NO

**ANSWER:**    **Defendant Board lacks sufficient knowledge or information regarding plaintiff's intention to demand a jury trial as plaintiff failed to check either box contained in Paragraph 15. Notwithstanding, Defendant Board demands that this case be tried by a jury.**

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff:

    (b) Direct the defendant to re-employ the plaintiff.
    (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidate/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
    (h) Grant such other relief as the Court may find appropriate.

**ANSWER:**    **Defendant Board DENIES that plaintiff is entitled to the request for relief contained in the above paragraph or any of its subparts.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant acted in good faith, in conformity with, and in reliance on written rulings or enforcement policies with regard to all applicable laws.

### Second Affirmative Defense

Defendant established a reasonably accessible procedure by which alleged victims of discrimination or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

### Third Affirmative Defense

Allegations which Plaintiff failed to raise before the Illinois Department of Human Rights and/or the Equal Employment Opportunity Commission are barred.

### Fourth Affirmative Defense

Plaintiff's prayer for relief must fail to the extent that plaintiff has failed to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's damages are limited under 42 U.S.C. § 2000e-5(g)(2)(B).

## JURY DEMAND

Defendant Board demands a trial by jury.

WHEREFORE, Defendant Board requests that plaintiff's complaint be dismissed with prejudice.

Dated: June 27, 2008

                              Respectfully submitted,

                              PATRICK J. ROCKS
                              General Counsel

By:    s/Jennifer Y. Wu
          Jennifer Y. Wu
          Assistant General Counsel
          Attorney for the Board of Education of the
          City of Chicago
          125 South Clark Street, 7th Floor
          Chicago, Illinois 60603
          (773) 553-1720

## CERTIFICATE OF SERVICE

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the foregoing **Defendant Board's Answer to Plaintiff's Complaint** to be served upon counsel of record on the 27th day of June, 2008 *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), and *via* regular U.S. mail to the following address:

J. Christopher Murray
Attorney at Law
640 N. LaSalle Street - Suite 284
Chicago, IL 60610-8111

                              s/ Jennifer Y. Wu