# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7264 | **DATE** | 8/25/2008 |
| **CASE TITLE** | Selena Davis vs. Chicago Board of Education & Judith Adams | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, defendant Judith Adams's Motion to Dismiss Title VII and ADEA Claims [10] is granted. The plaintiff shall file a motion for leave to amend the complaint within 30 days.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Selena Davis ("Davis") filed a Complaint of Employment Discrimination alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA). She named as defendants the Chicago Public Schools, which filed an appearance as the Chicago Board of Education (the "Board"), and Judith Adams ("Adams"), the principal of the school in which Davis was employed. The Board filed an answer and Adams filed a motion to dismiss. Davis filed a response, through counsel, in which she conceded that Adams is not liable as an individual under Title VII and the ADEA and sought leave to amend. Adams did not file a reply.

Title VII and the ADEA both define "employer," with certain exceptions not applicable here, as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ." *See* 42 U.S.C. § 2000e(b) (providing definition for Title VII); *id.* § 12112(a) (defining "employer" for ADEA purposes); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.1 (7th Cir. 1995) (noting the parallel language in each statute). Davis prudently concedes that she has no claim against Adams under Title VII in light of the fact that "'a supervisor does not, in h[er] individual capacity, fall within Title VII's definition of employer.'" *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (quoting *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)). Davis also appropriately concedes that a similar bar on supervisor liability exists under the ADEA. *See Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (observing that a plaintiff's choice to bring ADEA claims only against the Board of Education was proper "as [the Seventh Circuit has] suggested that there is no individual liability under the ADEA"); *Cheng v. Benson*, 358 F. Supp. 2d 696, 700 (N.D. Ill.) (holding that there is no individual or supervisor liability under the ADEA). Thus, Davis's Title VII and ADEA claims against Adams are dismissed with prejudice.

Davis asks the court to "retain jurisdiction over Adams" and grant leave to amend to assert other, unspecified, federal claims against Adams. Davis does not attach a proposed amended complaint so that the

**STATEMENT**

court can evaluate whether such an amendment would be futile. The Chicago Board of Education has now answered the complaint; therefore, Davis may not amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be freely given when justice so requires. *See id.* 15(a)(2). Therefore, Davis shall file a motion seeking leave to amend, with the proposed amendment attached, within 30 days. If Davis fails to state a federal claim against Adams, the court will dismiss Adams from the case.